BRYON ALLEN BULLARD, JR., MINOR, BY HIS GUARDIAN AD LITEM, BRYON ALLEN BULLARD v. NORTH CAROLINA NATIONAL BANK, EXECUTOR OF THE ESTATE OF WILLIAM D. WRIGHT, DECEASED, PHILLIPS J. CARTER, M.D., AND GREENSBORO ORTHOPEDIC ASSOCIATES, P.A.

No. 7618SC352

(Filed 3 November 1976)

1. **Jury § 1; Rules of Civil Procedure § 39— belated motion for jury trial — discretion of court**

    The trial court did not abuse its discretion in granting defendants' motion for a jury trial made some two years and ten months after the time for requesting a jury trial under G.S. 1A-1, Rule 38(b) had expired. G.S. 1A-1, Rule 39(b).

2. **Evidence § 50; Physicians, Surgeons and Allied Professions § 15— practice in "similar communities"**

    The trial court properly allowed defendants' medical experts to answer hypothetical questions as to whether treatment of a compound fracture administered by defendant doctors was in conformity with approved medical practices "in this community and similar communities."

3. **Evidence § 50; Physicians, Surgeons, and Allied Professions § 15— expert medical testimony — hypothetical questions — inclusion of opinion of another doctor**

    The trial court did not err in allowing expert medical witnesses to answer hypothetical questions that included, as facts assumed to be found by the jury, the opinion of another physician since the opin-

Bullard v. Bank

ion of the other physician was considered by defendant doctor in determining his course of treatment of plaintiff and was properly considered by the expert witnesses in stating their opinions as to whether the treatment rendered by defendant conformed to approved medical practices and procedures.

4. **Evidence § 50; Physicians, Surgeons and Allied Professions § 15— expert medical testimony — hypothetical questions — responses that treatment "appropriate" or "good medical care"**

The trial court did not err in allowing expert medical witnesses to use expressions such as "entirely appropriate" and "good medical care" in responding to hypothetical questions as to whether treatment rendered by defendant doctors conformed to approved medical practices and procedures since, when considered in context, the responses meant that defendants' treatment did conform to such practices and were so understood by the jury.

5. **Appeal and Error § 49— exclusion of portions of depositions — harmless error**

The trial court did not commit prejudicial error in excluding portions of the depositions of defendant doctor and his medical witness where evidence of the same import was placed before the jury and part of the excluded evidence was the result of improper hypothetical questions.

6. **Physicians, Surgeons and Allied Professions § 16— action against professional association — no negligence by doctors — respondeat superior**

A jury verdict of no liability on the part of defendant doctors rendered moot any question of error by the court in directing a verdict for a professional association of which the doctors were members where plaintiff alleged no independent wrongful acts on the part of the professional association and its liability could have been based only upon the doctrine of respondeat superior.

APPEAL from *Walker, Judge.* Judgment entered 10 October 1975 in Superior Court, GUILFORD County. Heard in Court of Appeals 2 September 1976.

This is a civil action wherein the plaintff, Bryon Allen Bullard, Jr., seeks to recover damages for personal injuries allegedly resulting from defendants' negligence in the treatment and care of his broken arm.

The evidence offered at trial tends to show the following:

On 21 August 1971 plaintiff, age 4, fell from a swing and suffered a compound fracture of the left forearm. He was taken to the emergency room of Wesley Long Hospital where

he was treated by defendant Dr. William D. Wright,* admitted to the hospital, and subsequently released on 23 August 1971.

The next day, 24 August 1971, the plaintiff's parents became concerned because he remained irritable and appeared to lose the feeling in his fingers. About 9:00 p.m. they contacted defendant Dr. Phillips J. Carter, Dr. Wright's associate at Greensboro Orthopedic Associates, P.A., who was taking Dr. Wright's calls. After being told the plaintiff's symptoms, Dr. Carter told his parents that there was no immediate emergency, but they should return him to Dr. Wright the next morning.

The following morning, 25 August 1971, the plaintiff's fingers had turned blue, and his mother called Dr. Wright between 7:00 and 7:30 a.m. Dr. Wright saw the plaintiff at his office at 9:00 a.m., diagonsed the problem as circulation impairment caused by a tightcast, and readmitted him to the hospital. Upon readmission to the hospital, the cast was completely removed, but the color and the swelling of plaintiff's fingers did not improve, and he remained feverish.

Around 6:30 p.m. Dr. Wright determined that exploratory surgery was necessary, and after the surgery was performed, he suspected a gangrene infection. He administered antitoxins and antibiotics in an attempt to prevent the infection from spreading. Plaintiff's arm was amputated above the elbow at 3:00 p.m. on 26 August 1971.

At the close of plaintiff's evidence the court directed a verdict for the defendant Greensboro Orthopedic Associates, P.A. The jury found no negligence on the part of either Dr. Wright or Dr. Carter. Plaintiff appealed.

Dees, Johnson, Tart, Giles & Tedder by J. Sam Johnson, Jr., and Charles M. Tate for plaintiff appellant.

Henson & Donahue by Perry C. Henson and Richard L. Vanore for defendant appellees.

HEDRICK, Judge.

[1] Plaintiff contends the court erred in granting defendants' motion for a jury trial made some two years and ten months

* Subsequent to the commencement of this action, Dr. Wright died and North Carolina National Bank, executor of his estate, was substituted as a party defendant.

after the time for requesting a jury trial under G.S. 1A-1, Rule 38(b) had expired. The trial court has discretion to grant a jury trial under G.S. 1A-1, Rule 39(b) even though jury trial has been waived pursuant to G.S. 1A-1, Rule 38(b). *Shankle v. Shankle,* 289 N.C. 473, 223 S.E. 2d 380 (1976). Plaintiff has shown no abuse of discretion by the trial judge in granting defendants' motion for a jury trial.

[2] Plaintiff next contends the court erred by allowing into evidence answers to hypothetical questions asked by defendants of their expert witnesses as to whether the treatment administered by Drs. Wright and Carter was in conformity with approved medical practices "in this community and similar communities." Citing *Rucker v. Hospital,* 285 N.C. 519, 206 S.E. 2d 196 (1974), the plaintiff argues that the "similar locality" rule is no longer applicable in situations in which the particular medical problem confronting the physician lends itself to uniform standards of medical treatment without regard to locality. We do not agree. In *Rucker* the plaintiff alleged that the defendant doctor and the defendant hospital, an accredited hospital in High Point, were negligent in the treatment of his shotgun wound. Plaintiff's expert witness, a physician from Louisiana, testified that he was familiar with standards of practice and procedure in accredited hospitals and that such standards and procedures were essentially the same throughout the United States with regard to gunshot wounds. Even though plaintiff's expert was not familiar with that particular hospital or its staff, the Supreme Court held that the trial court erred in refusing to allow his testimony into evidence. *Rucker* simply stands for the proposition that all localities are similar with respect to standards of medical care when the particular medical problem lends itself to uniform standards of treatment, and that a physician familiar with those uniform standards is a qualified expert witness. Obviously defendants' witnesses whose testimony is challenged by this assignment of error were familiar with approved medical practices and procedures in the treatment of compound fractures, and the court did not err in allowing them to answer hypothetical questions that included the phrase, "in this community or similar communities."

[3] Citing *Ingram v. McCuiston,* 261 N.C. 392, 134 S.E. 2d 705 (1964), plaintiff contends the court erred in allowing two of defendants' expert witnesses to answer hypothetical questions that included, as facts assumed to be found by the jury,

the opinion of another physician. Plaintiff's contention has no merit. The witnesses were asked to assume that, "Dr. Lee was of the impression that there was vascular impairment in the left forearm secondary to fracture with swelling . . . . " Upon the plaintiff's readmission to the hospital on 25 August 1971, Dr. Wright consulted with Dr. Lee, a specialist in vascular surgery, who examined the plaintiff and reported back to Dr. Wright with the above quoted opinion. Thus Dr. Lee's opinion was one of the circumstances that confronted Dr. Wright and was properly considered by defendants' witnesses in stating their opinions as to whether the treatment rendered by Dr. Wright conformed to approved medical practices and procedures.

[4] In response to defendants' proper hypothetical questions as to whether the treatment rendered by Drs. Wright and Carter conformed to approved medical practices and procedures, defendants' expert witnesses characterized the treatment by such phrases as "entirely appropriate" and "good medical care." Plaintiff contends the court erred in allowing the witnesses to use these expressions in characterizing Drs. Wright's and Carter's treatment of the plaintiff because the legal test of medical negligence is not whether the treatment is "entirely appropriate" or "good," but whether the treatment is in conformity with approved medical practices and procedures. Plaintiff did not object to the use of these expressions or move to have them stricken from the record. Therefore, this assignment of error is not based upon a proper exception in the record. N. C. Rules of Appellate Procedure, 10(b), 287 N.C. 669, 699 (App. 1975). Nevertheless, considering plaintiff's contention on the merits, we find no prejudicial error in the use of such expressions since when considered in context, the responses were synonymous to "approved medical practices and procedures" and were so understood by the jury.

[5] The depositions of Dr. Wright and Dr. Samuel A. Sue, Jr., a partner of Dr. Wright in the Greensboro Orthopedic Associates, P.A., were offered into evidence at trial by the plaintiff. Portions of these depositions were excluded by the court upon defendants' objections. Assignments of error 2 and 4, based upon numeous exceptions in the record, relate to the portions of the depositions excluded. We find no prejudicial error in the several rulings challenged by these exceptions. The excluded portions of Dr. Wright's deposition related to whether Dr. Wright agreed with statements taken from an unidentified medical

Bullard v. Bank

treatise. The excluded questions attempted to elicit from Dr. Wright on adverse examination medical standards in the treatment of compound fractures. Assuming *arguendo* that some of the excluded testimony was proper, we perceive no prejudicial error since there was plenary evidence in the record before the jury establishing the same approved medical practices in the treatment of compound fractures as plaintiff was attempting to establish by the excluded testimony. *Reeves v. Hill,* 272 N.C. 352, 158 S.E. 2d 529 (1968) ; *State v. Forehand,* 17 N.C. App. 287, 194 S.E. 2d 157 (1973). Moreover practically all of the substance of the excluded testimony of Dr. Sue challenged by these exceptions was testified to by Dr. Sue himself in other portions of his deposition which were not excluded from evidence. In addition the evidence was properly excluded as responses to improper hypothetical questions.

Plaintiff assigns as error several other evidentiary rulings of the court. We have carefully examined each contention and find them to be without merit.

[6] By his sixth assignment of error plaintiff contends the court erred in directing a verdict for the defendant Greensboro Orthopedic Associates, P.A. Since plaintiff alleged no independent wrongful acts on the part of the defendant corporation, its liability could be based only upon the doctrine of respondeat superior. The jury verdict of no liability on the part of the agent doctors also relieved the principal corporation of any liability, and renders moot any question of error by the court in directing a verdict for the defendant corporation.

Finally plaintiff contends the court erred in portions of its instructions to the jury. Some of the exceptions merely raise again questions already discussed. We have carefully examined all exceptions challenging the court's instructions to the jury and find no prejudicial error.

The voluminous record before us depicts a tragic situation which has left the plaintiff with a major permanent physical impairment, but the jury has determined that this tragedy did not result from the actionable negligence of the defendants in a fair trial we find free from prejudicial error.

No error.

Judges MORRIS and ARNOLD concur.