Wright v. Cab Co.

JOE ALLEN WRIGHT, by and through his Guardian ad Litem, HENRY C. FRENCK, and JOE WRIGHT v. BLUE BIRD CAB COMPANY and JUSTICE A. CREWS

No. 7621SC474

(Filed 1 December 1976)

1. **Automobiles § 104— hitting child — cab company liable under respondeat superior only — exclusion of cab driver's admissions**

In an action to recover for personal injuries sustained by minor plaintiff when he was struck by a taxicab operated by individual defendant in the scope of his employment with defendant cab company, the cab company could only be vicariously liable for the alleged negligent acts of the individual defendant under the doctrine of respondeat superior since plaintiffs neither alleged nor offered proof of any independent negligent acts on the part of the cab company; therefore, the jury verdict absolving the individual defendant of any liability also relieved the cab company of liability, and rendered moot any question of error on the part of the trial court in refusing to admit the individual defendant's admissions concerning the circumstances of the accident into evidence against the cab company or in granting the cab company's motion for a directed verdict.

2. **Automobiles §§ 72, 90— striking child — instruction on sudden emergency**

In an action to recover for personal injuries sustained by minor plaintiff when he ran in front of a cab operated by defendant, the trial court's reference to the negligence of the minor plaintiff in instructing on sudden emergency did not amount to prejudicial error, since no issue of contributory negligence on the part of the minor plaintiff was raised at trial, and since the court gave a subsequent clarifying instruction concerning sudden emergency.

3. **Automobiles § 63— striking child — evidence of force of impact excluded — no error**

In an action to recover for personal injuries sustained by minor plaintiff when he was struck by a taxicab operated by defendant, plaintiffs were not prejudiced by the exclusion of defendant's testimony as to whether the minor plaintiff was "tapped" by the vehicle or hit with such force as to be projected 16 feet from the point of impact, thereby sustaining severe brain damage, since the jury did not reach the issue of damages.

4. **Appeal and Error § 49— assignment of error to exclusion of evidence — excluded evidence not in record**

The trial court's alleged error in refusing to allow a police officer to testify as to the contents of an accident report is not subject to review, since the excluded testimony was not included in the record.

**5. Appeal and Error § 49— deposition as cumulative evidence — exclusion proper**

The trial court in a personal injury action did not err in excluding the deposition of a witness who testified on both direct and cross-examination at trial, since the deposition and the testimony at trial were substantially identical and the deposition was therefore cumulative to the testimony.

**6. Automobiles § 63— striking child — issue of damages not reached — child's hospital records excluded — no error**

In an action to recover for personal injuries sustained by minor plaintiff when she was struck by a taxicab operated by defendant, plaintiffs were not prejudiced by the exclusion of the minor plaintiff's hospital records introduced for the purpose of explaining and illustrating the extent of the physical injuries to minor plaintiff, since the jury never reached the issue of damages.

APPEAL by plaintiffs from *Rousseau, Judge.* Judgment entered 5 February 1976 in Superior Court, FORSYTH County. Heard in Court of Appeals 18 October 1976.

This is a civil action wherein the plaintiffs, Joe Allen Wright, by his guardian ad litem Henry C. Frenck, and Joe Wright, seek to recover from the defendants damages for personal injuries and medical expenses resulting from the alleged negligent operation of a taxicab by the defendant Justice A. Crews, in the scope of his employment with defendant Blue Bird Cab Co. (Cab Company).

The evidence offered by the plaintiffs at trial, which is pertinent to this appeal, except where quoted, is summarized as follows:

Plaintiff read the deposition of defendant Crews into evidence. In his deposition Crews stated the following: On 8 September 1971 at 2:00 p.m. he was driving his cab within the scope of his employment with the defendant Cab Company in Morningside Manor neighborhood of Winston-Salem, N. C. He turned onto Argonne Boulevard about two blocks from the plaintiff's house, and as he approached the house he was driving approximately 30 miles per hour. When he was approximately 60 feet from the driveway to plaintiff's house, the minor plaintiff ran out into the street from behind a car parked in plaintiff's driveway. Veering to neither the right nor left, Crews applied his brakes and skidded 3½ car lengths before hitting the minor plaintiff with the right front bumper of the cab and thrusting him forward. The cab stopped almost immediately

upon hitting the minor plaintiff. The car parked in plaintiff's driveway was approximately three feet from the curb at the time of the accident.

James Parks, a street washer who was in the area on the day of the accident but who did not see the accident, testified that he talked with defendant Crews at the scene of the accident a short time after the accident. Crews told him that "he saw a larger child chasing a smaller child from under a carport, under this carport at the Wright home, and he thought they were going to stop or either turn around and go back up in the yard, but they came on out into the street and he ran over one, over the smaller child." The testimony regarding Crews' statement to Parks was objected to by defendant Cab Company and excluded as to said defendant by the court. On cross-examination Parks admitted testifying in his deposition that Crews told him the children ran out of the driveway into the street and did not mention at that time that Crews also told him that he saw the children at the carport. Parks explained that he was confused when he testified at deposition.

Katherine Kellogg, a county health department employee, testified that she was visiting the minor plaintiff's mother at the time of the accident, and had parked her 1965 Valiant in the driveway. She testified that she did not recall how far up into the driveway she had parked.

At the close of plaintiffs' evidence the court allowed defendant Cab Company's motion for a directed verdict. Defendant Crews then offered the following evidence:

Defendant Crews testified that the minor plaintiff ran out from behind the car parked in the driveway and he slammed on brakes immediately upon seeing him, but the cab skidded up to and hit the child, and then immediately stopped.

Kenneth Cook, a police officer with the Winston-Salem Police Department at the time of the accident, testified, while referring to the accident report which he prepared at the scene of the accident, that Crews told him the minor plaintiff had run out in the street from behind the parked vehicle, and he could not have prevented hitting the child. Cook also testified that the rear of the car parked in the driveway was approximately two or three feet from the curb.

The parties stipulated that at the time of the accident defendant Crews was on a mission for his employer, defendant Cab Company; that the street was dry and free of defects; that the weather was clear, and that the speed limit was 35 miles per hour.

The jury determined that plaintiffs were not injured by the negligence of defendant Crews. Plaintiffs appealed.

*H. Glenn Pettyjohn for plaintiff appellants.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and William C. Raper for defendant appellees.*

HEDRICK, Judge.

[1]  By their first two assignments of error plaintiffs contend the court erred in refusing to admit as against defendant Cab Company defendant Crews' admissions concerning the circumstances of the accident. By their tenth assignment of error plaintiffs contend the court erred in granting defendant Cab Company's motion for a directed verdict at the close of plaintiffs' evidence. Plaintiffs neither alleged nor offered proof of any independent negligent acts on the part of Cab Company. Therefore, Cab Company could only be vicariously liable for the alleged negligent acts of its agent Crews under the doctrine of respondeat superior. Crews' admissions were admitted in the case against himself, and were considered by the jury in rendering a verdict of whether Crews was negligent or not. The jury verdict absolving Crews of any liability also relieves Cab Company of liability, and renders moot any question of error on the part of the trial court in refusing to admit Crews' admissions into evidence against Cab Company or in granting Cab Company's motion for a directed verdict. *Bullard v. Bank,* 31 N.C. App. 312, 229 S.E. 2d 245 (1976). These assignments of error are not sustained.

[2]  In his instructions to the jury on the issue of sudden emergency the trial judge stated, "[I]f the defendant was confronted by a sudden emergency caused by the negligence of another in running out in front of him, that he is not held to the wisest choice of conduct, but only to such choice as a person of ordinary prudence similarly situated would have made." Immediately before the jury began deliberation, the court further charged the jury as follows:

"Now, ladies and gentlemen of the jury, during the noon recess one of the lawyers called my attention to a

Wright v. Cab Co.

statement that I made to you, and I think I probably in-advertently used the wrong word in my charge to you this morning. If you will recall, I charged you that if the defendant was confronted by a sudden emergency created by the negligence of another. Now, I inadvertently used the word 'negligence.' I should have used 'acts.' I should have said this, and this is what I intended to say to you: I charge that if the defendant was confronted by an emer-gency created by the acts of another in suddenly running out in front of him, that he is not held to the wisest choice of conduct but only to such choice as a person of ordinary prudence similarly situated would have made. But this principle of sudden emergency does not apply to one who by his own negligence has brought about or contributed to the emergency. In other words, ladies and gentlemen, a child under the age of seven in the State of North Carolina can-not be guilty of any negligent acts."

By their third assignment of error plaintiffs contend the court erred in referring to the "negligence" of the minor plain-tiff in its original charge to the jury because the two-year-old plaintiff is legally incapable of negligence. They argue further that the correcting instruction quoted above did not remove the alleged prejudicial effect of the original instruction. We do not agree. At trial no issue of contributory negligence on the part of the minor plaintiff was raised, and we do not see how the trial judge's inadvertent use of the word "negligence" with respect to the minor plaintiff's actions could in any way prej-udice the plaintiffs, but, in any event, the court's later clarify-ing instruction removed any possible prejudice caused by the original instruction. This assignment of error is without merit.

[3] The court excluded from evidence the following testimony elicited by plaintiffs from defendant Crews in his deposition.

"[Q.] Did the child travel in the air sixteen feet?

A. No, sir. If he had, I believe I'd have seen him.

Q. He traveled on the ground then? Sliding or rolling or—

A. It may be—no, sir, I just think—well he was un-doubtedly up off the ground, yes, but—?

Q. In the air then?

A. I guess he must have been, sir. When I saw him he was laying flat on his face."

By their fourth assignment of error plaintiffs contend that in excluding the foregoing portion of defendant Crews' deposition the court erred to their prejudice because its ruling prohibited them "from proving that this two-year-old child was not merely 'tapped' by the automobile's impact, but was in fact projected no less than 16 feet from the point of impact, and thereby causing severe brain damage to this minor child." Since the jury did not reach the issue of damages, we do not perceive any prejudice to plaintiffs in the exclusion of the testimony. *Long v. Clutts,* 16 N.C. App. 217, 192 S.E. 2d 131 (1972), *cert. denied* 282 N.C. 426, 192 S.E. 2d 836 (1972). Moreover, an examination of the excluded testimony reveals that the questions called for the witness to speculate as to matters over which he obviously had little if any knowledge. We find no prejudicial error in the court's exclusion of this testimony.

[4]  By their fifth assignment of error plaintiffs contend the court erred in not allowing former Officer Cook to testify what the collision report "indicated" with respect to the location of Mrs. Kellogg's car in the driveway. Assuming that the question objected to by the defendant and excluded by the court was meant to impeach Cook by showing that what he put on the collision report was inconsistent with his testimony at trial, and assuming therefore that the court erred in sustaining defendant's objection, the alleged error is not subject to review because we are unable to determine if plaintiffs have been prejudiced by the alleged error, since the answer to the question is not included in the record. *State v. Fletcher,* 279 N.C. 85, 181 S.E. 2d 405 (1971); Stansbury, N. C. Evidence 2d (Brandis Rev.) § 26.

[5]  Plaintiffs contend the court erred in excluding from evidence the deposition of Mrs. Kellogg. Mrs. Kellogg testified on both direct and cross examination at the trial. When plaintiffs offered Mrs. Kellogg's deposition into evidence, they conceded it was "somewhat cumulative" to her testimony at trial. We have carefully examined Mrs. Kellogg's deposition and her testimony at trial, and find them to be substantially identical. It is within the trial judge's discretion to exclude such repetitious testimony, *Reeves v. Hill,* 272 N.C. 352, 158 S.E. 2d 529 (1968),

and we find no abuse of discretion in the judge's exclusion of the testimony.

[6] By their seventh assignment of error plaintiffs contend the court erred in excluding the minor plaintiff's hospital records introduced for the purpose of explaining and illustrating the extent of the physical injuries to the minor plaintiff. Obviously since the jury never reached the issue of damages, the exclusion of the testimony is not prejudicial to the plaintiffs. *Long v. Clutts, supra.* This assignment of error is not sustained.

The parties stipulated that the speed limit in the area of Argonne Boulevard was 35 miles per hour at the time of the accident. Defendant Crews testified that he was driving 30 miles per hour just before the minor plaintiff ran out in front of him. Plaintiffs assign as error the court's exclusion of testimony as to defendant Crews' knowledge of the posted speed limit on Argonne Boulevard. The court properly excluded the evidence as being irrelevant. This assignment of error has no merit.

The plaintiffs' other assignments of error are formal and raise no additional questions. We hold the plaintiffs had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.