BRENDA WATSON GREER, ADMINISTRATRIX OF THE ESTATE OF KANDY RENAE GREER, DECEASED v. BYNUM HARRISON PARSONS AND PHYLLIS McLEOD PARSONS

No. 8925SC814

(Filed 16 July 1991)

1. **Appeal and Error §§ 342, 89 (NCI4th)— wrongful death— motions to dismiss denied—defendants not cross-appellants— appeal interlocutory**

    Defendants' contentions in a wrongful death action that the trial court erred by denying their motions to dismiss for failure to state a claim upon which relief could be granted and for failing to join the decedent's parents as necessary parties were not considered because defendants were not cross-appellants, their purported exceptions were excluded from the record by order of the trial judge, and the orders complained of were interlocutory.

    **Am Jur 2d, Appeal and Error §§ 47, 856, 858, 859.**

2. **Death § 31 (NCI4th)— death of fetus—wrongful death action— punitive damages**

    The trial court erred by dismissing the claim for punitive damages in a wrongful death action arising from the death of a fetus in an automobile collision. The release executed by the parents did not bar this action by the personal representative of the deceased child because the release by its terms bound only the parents and their heirs and assigns as to their personal claims and did not purport to settle or affect a claim for the child's wrongful death. Moreover, only the child's personal representative, not the parents, had the authority to assert or settle a claim for the child's wrongful death. Furthermore, the claim for punitive damages is not barred by *DiDonato v. Wortman*, 320 N.C. 423, because it is not joined with the settled claim of the parents. N.C.G.S. § 28A-18-2.

    **Am Jur 2d, Death §§ 16, 191-194, 256.**

    **Right to maintain action or to recover damages for death of unborn child. 84 ALR3d 411.**

**3. Death § 31 (NCI4th)— wrongful death—stillborn child—loss of child's companionship, services, society—dismissal proper**

The trial court did not err in a wrongful death action arising from the death of a fetus in an automobile collision by dismissing claims for loss of the child's companionship, services, and society. While plaintiff's contentions regarding *DiDonato v. Wortman*, 320 N.C. 423, are not without merit, that decision's holdings cannot be revised by the Court of Appeals.

**Am Jur 2d, Death §§ 250, 253.**

Former Judge DUNCAN concurred in the result reached in this case prior to 30 November 1990.

APPEAL by plaintiff from order entered 17 April 1989 by *Judge C. Walter Allen* in CALDWELL County Superior Court. Heard in the Court of Appeals 12 February 1990.

On 19 October 1986 Brenda Watson Greer, then eight and a half months pregnant, and Danny Robert Greer, her husband, were injured in a collision between their automobile and one operated by one defendant and owned by the other, and their unborn child, Kandy Renae Greer, was killed. On 8 April 1987, without bringing suit, Danny Robert and Brenda Watson Greer settled their claims against the defendants for $53,000 and signed a release discharging the Parsons "for ourselves, heirs, personal representatives and assigns" from "any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action" for any injuries, present or future, stemming from the 19 October 1986 automobile accident. On 28 July 1988 Brenda Watson Greer qualified as Administratrix of the Estate of Kandy Renae Greer, and on 4 August 1988 filed this wrongful death action in which both compensatory and punitive damages are sought. Defendants' motions to dismiss the complaint for failure to state an enforceable claim and for failing to join the parents of the deceased child as necessary parties were denied. In answering the complaint, defendants alleged as an affirmative defense that the release executed by the parents bars the Administratrix's action and moved for summary judgment as to the claims for punitive damages, loss of services and companionship, and pain and suffering. Following a hearing the trial court dismissed the claims for punitive damages and damages for loss of services, companionship, society and the like "[p]ursuant

GREER v. PARSONS

[103 N.C. App. 463 (1991)]

to *DiDonato vs. Wortman,* 320 N.C. 423, 358 S.E.2d 489, *reh'g denied,* 320 N.C. 799, 361 S.E.2d 73 (1987), and in light of the release signed by Danny Robert Greer and Brenda Watson Greer," but refused to dismiss the claim for pain and suffering.

*Wilson, Palmer & Lackey, P.A., by Hugh M. Wilson and Wesley E. Starnes, for plaintiff appellant.*

*Mitchell, Blackwell, Mitchell & Smith, P.A., by Hugh A. Blackwell and Juleigh Sitton-Wall, for defendant appellees.*

PHILLIPS, Judge.

[1] First, we must determine what issues are properly before us. Plaintiff appellant contests the dismissal of the claim for punitive damages and the claim for loss of the child's services, companionship, society and the like. Though both orders are interlocutory, they are immediately appealable and properly before us because of plaintiff's right to have all claims concerning the child's death tried by the same jury. G.S. 1-277; G.S. 7A-27; *Oestreicher v. American National Stores, Inc.,* 290 N.C. 118, 225 S.E.2d 797 (1976). Defendants, dubbing themselves as "Appellees/Cross-Appellants," argue in their brief that the trial court erred in denying their motions pursuant to Rule 12(b)(6) and (7), N.C. Rules of Civil Procedure, to dismiss plaintiff's complaint for failing to state a claim for which relief can be granted and for failing to join the parents as necessary parties; and in denying their motion for summary judgment under Rule 56 as to the claim for pain and suffering. Defendants are not cross-appellants and their arguments cannot be considered for two reasons: First, the arguments are not within our authorized scope of review as established by Rule 10(a), N.C. Rules of Appellate Procedure, because the purported exceptions upon which defendants' cross-assignments are based were excluded from the record on appeal by an order of the trial judge that defendants did not except to, and they have no assignments of error "set out in the record . . . in accordance with . . . Rule 10." Second, the orders complained of are not immediately appealable in any event, because all of them are interlocutory and none of them affect a substantial right of the defendants, since the claims that they moved to dismiss, if meritless, will come to nothing in due course anyway. *See* G.S. 1-277; G.S. 7A-27; *Hill v. Smith,* 38 N.C. App. 625, 248 S.E.2d 455 (1978).

[2]   Turning now to plaintiff appellant's first contention, we agree that the trial court erred in dismissing the claim for punitive damages and that the dismissal was not warranted by either the decision in *DiDonato v. Wortman, supra,* or the release that Mr. and Mrs. Greer signed for their claims before Mrs. Greer qualified as personal representative of the child's estate and this action was brought. In pertinent part our Wrongful Death Act, G.S. 28A-18-2, provides:

(a) When the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured person had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their personal representatives or collectors, shall be liable to an action for damages . . .

(b) Damages recoverable for death by wrongful act include:

. . .

(4) The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected:

a. Net income of the decedent,

b. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,

c. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

. . .

(5) Such punitive damages as the decedent could have recovered had he survived, and punitive damages for wrongfully causing the death of the decedent through maliciousness, wilful or wanton injury, or gross negligence.

(c) All evidence which reasonably tends to establish any of the elements of damages included in subsection (b), or otherwise reasonably tends to establish the present monetary value of the decedent to the persons entitled to receive the damages

GREER v. PARSONS

[103 N.C. App. 463 (1991)]

recovered, is admissible in an action for damages for death by wrongful act.

Pertinent to this case, in *DiDonato* our Supreme Court over-ruled earlier decisions of this Court to the effect that a viable, stillborn child is not a "person" within the purview of G.S. 28A-18-2(a) and held that: A viable fetus is a "person" under the Act and the estate of such a person may bring an action for damages. And though, as the opinion states, that was the only question presented, the Court went on to state, in substance, that in such actions:

> Recovery may not be had for loss of the child's services, socie-ty, companionship and the like because, in the Court's view, nothing can be known about such a child's abilities, intelligence, industry, or personality and "[a] jury attempting to calculate an award for such damages would be reduced to 'sheer specula-tion,' " *Id.* at 432, 358 S.E.2d at 494; punitive damages are recoverable when appropriate, but to guard against a defend-ant being punished twice for a single act of negligence when the parents are the beneficiaries of such a child's estate and have a claim of their own based upon the same negligent acts, the two claims must be joined.

This action by the personal representative of the decedent child is not barred by the release executed by Danny Robert Greer and Brenda Watson Greer for two reasons: First, the release by its terms bound only themselves and their heirs and assigns as to their personal claims and did not purport to settle or affect a claim for the child's wrongful death. Second, under our law the parents, though the child's next of kin, had no authority to either assert or settle a claim for the child's wrongful death; only the child's personal representative has that authority. G.S. 28A-18-1; *Spivey v. Godfrey*, 258 N.C. 676, 129 S.E.2d 253 (1963).

We also hold that the Administratrix's claim for punitive damages is not barred under *DiDonato* or otherwise because it is not joined with the settled claim of the parents. The only purpose of the court's joinder requirement is to facilitate the fair litigation of two claims for punitive damages that are based upon the same act or event; when only one claim is being or can be litigated there is nothing to join. *DiDonato* does not forbid the settlement of claims, joinable or otherwise, or require the doing of vain and foolish things, and joining the parents' defunct claim with the Ad-

ministratrix's pending claim would be a pointless absurdity. Defendants' right not to be assessed with punitive damages that have already been paid can be protected in another, simpler way. If they allege that part of the moneys the parents received in settlement of their claims was for punitive damages defendants would have a right, it seems to us, to support that contention with evidence and have the jury consider it in evaluating the Administratrix's claim for punitive damages, if that claim goes to the jury.

[3] Notwithstanding the Court's statement in *DiDonato* that damages for loss of a stillborn child's companionship, services, society and the like are too speculative to be recoverable under our Wrongful Death Act, plaintiff nevertheless maintains that the dismissal of her claims for such losses was error and that the *DiDonato* decision should be clarified to harmonize with the intention of the General Assembly in enacting G.S. 18A-18-2. The gist of her contentions is that the Wrongful Death Act expressly authorizes the recovery of damages for the loss of a child's society, companionship and the like when proven and that it is not impossible to prove the nature and extent of some of the damages suffered, and the decision as to these losses should be reconsidered.

The contentions are not without basis. The *DiDonato* decision on the claim for the loss of a stillborn child's society and companionship cannot be reconciled with the "basic principle of law and equity that no man shall be permitted to take advantage of his own wrong," *Garner v. Phillips*, 229 N.C. 160, 161, 47 S.E.2d 845, 846 (1948); for the decision permits tort-feasors to escape accountability for the parents' loss of a child's companionship and society when the child is killed before its characteristics are known. Another anomaly is that the decision prevents parents from trying to prove damages that the Act expressly authorizes in all cases under it. The implication in the opinion that damages for a child's lost companionship and society depends entirely upon its personality, character and other traits is far too broad. Everyone who has been a parent — or been around parents with young children — knows that normal parents have a unique and treasured companionship with their young children; not because of the particular characteristics or merits of the children, but because of the needs of the parents to perpetuate themselves and the children's dependency upon them. While the companionship and associations that an adult child has with its parents does depend to some extent upon its character, personality and other traits, kinship is enduring and a parent's

bond with its offspring does not vanish when the child's personality becomes displeasing or its character disappointing. Thus, for a jury to conclude that any normal parent would have enjoyed cuddling, looking after, playing with and training his or her child regardless of its characteristics would not be "sheer speculation"; instead, it would be a rational determination based upon their knowledge of human experience and the law of probabilities. Nor does the opinion take into account that the life-long experiences and insights of jurors accompany them into the box, and that they would know without proof that children bring sorrow and anxiety as well as joy to their parents and would likely appraise the loss of any child's society and companionship accordingly. But none of the decision's holdings or implications can be revised by this Court, and the dismissal of this claim is therefore affirmed.

Affirmed in part; reversed in part.

Chief Judge HEDRICK and Judge DUNCAN concur.

Former Judge DUNCAN concurred in the result reached in this case prior to 30 November 1990.