BRENDA WATSON GREER, ADMINISTRATRIX OF THE ESTATE OF KANDY RENAE GREER, DECEASED v. BYNUM HARRISON PARSONS AND PHYLLIS McLEOD PARSONS

No. 334PA91

(Filed 8 May 1992)

**1. Abortion; Prenatal or Birth-Related Injuries and Offenses § 7 (NCI4th); Torts § 7 (NCI3d) — punitive damages claim for stillborn child's death — release by parents not bar**

Plaintiff administratrix's claim for punitive damages for the wrongful death of her stillborn child arising from an automobile accident was not barred by a release signed individually by plaintiff and her husband before plaintiff qualified as the administratrix of her child's estate, since plaintiff had no authority to settle the wrongful death claim of the fetus

prior to qualifying as administratrix, and the release operated only to discharge defendants' liability to the signers thereof.

**Am Jur 2d, Abortion § 37; Death §§ 187, 191, 192.**

2. **Abortion; Prenatal or Birth-Related Injuries and Offenses § 6 (NCI4th)— wrongful death of stillborn child—punitive damages—failure to join with parents' claims—claim not barred by DiDonato decision**

Plaintiff administratrix's claim for punitive damages for the wrongful death of her stillborn child arising from an automobile accident was not barred by the decision in *DiDonato v. Wortman*, 320 N.C. 423, because it was not joined with personal injury claims of the parents in a settlement with the tortfeasors where the parents settled their claims on 8 April 1987; the *DiDonato* decision was filed on 28 July 1987; plaintiff qualified as administratrix of her child's estate on 28 July 1988; and it was thus impossible for plaintiff to anticipate and comply with the mandatory joinder requirement announced in *DiDonato*.

**Am Jur 2d, Abortion § 37; Death §§ 191, 412.**

3. **Abortion; Prenatal or Birth-Related Injuries and Offenses § 8 (NCI4th)— wrongful death of stillborn child—pecuniary and loss of services damages not recoverable**

Pecuniary damages and damages for loss of services and companionship are not recoverable in an action for the wrongful death of a stillborn child.

**Am Jur 2d, Death §§ 220, 250.**

**Right to maintain action or to recover damages for death of unborn child. 84 ALR3d 411.**

ON discretionary review pursuant to N.C.G.S. § 7A-31(a) from the decision of a unanimous panel of the Court of Appeals, 103 N.C. App. 463, 405 S.E.2d 921 (1991), affirming in part and reversing in part an order of summary judgment entered by *Allen (C. Walter)*, J., in Superior Court, CALDWELL County, on 17 April 1989. Heard in the Supreme Court 12 March 1992.

*Wilson, Palmer and Lackey, P.A., by Hugh M. Wilson and Wesley E. Starnes, for plaintiff-appellant.*

*Mitchell, Blackwell & Mitchell, P.A., by Hugh A. Blackwell and Juleigh Sitton, for defendant-appellees.*

WHICHARD, Justice.

This appeal presents two issues: (1) whether the Court of Appeals was correct in reversing the trial court's order of summary judgment with respect to plaintiff's claim for punitive damages arising out of defendants' alleged negligent acts causing the death of Kandy Renae Greer, and (2) whether the Court of Appeals was correct in affirming the trial court's order of summary judgment with respect to plaintiff's claim, arising out of defendants' allegedly negligent acts, for pecuniary damages or damages for loss of services and companionship. We affirm on both issues.

On 19 October 1986, Brenda Watson Greer and her husband, Danny Robert Greer, suffered serious injuries as a result of an automobile collision between their car and one owned by defendant Phyllis McLeod Parsons and operated by defendant Bynum Harrison Parsons. Brenda Watson Greer was more than eight months pregnant at the time of the accident, and the fetus, subsequently named Kandy Renae Greer, was delivered stillborn soon afterwards.

On 8 April 1987, the Greers settled their claims against the defendants and signed a release "for ourselves, heirs, personal representatives and assigns." The release discharged defendants "from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action" for any injuries, present or future, stemming from the accident.

On 28 July 1988, Brenda Watson Greer qualified as administratrix of the estate of Kandy Renae Greer. On 4 August 1988, seeking both compensatory and punitive damages, she filed this wrongful death action. On 17 April 1989, the trial court entered an order granting defendants' motion for summary judgment on plaintiff's claims for punitive damages and for pecuniary damages or damages for loss of services and companionship. The trial court based its grant of summary judgment on the release signed by the Greers and on the authority of *DiDonato v. Wortman*, 320 N.C. 423, 358 S.E.2d 489, *reh'g denied*, 320 N.C. 799, 361 S.E.2d 73 (1987). The court, however, denied defendants' motion for sum-

GREER v. PARSONS

[331 N.C. 368 (1992)]

mary judgment with respect to plaintiff's claim for damages for pain and suffering.

The Court of Appeals refused to consider defendants' appeal of the trial court's ruling with respect to the pain and suffering aspect of plaintiff's claim. *Greer v. Parsons*, 103 N.C. App. 463, 465, 405 S.E.2d 921, 923 (1991) (refusing also to consider appeal of the trial court's denial of defendants' motions to dismiss under Rules 12(b)(6) and (7) of the North Carolina Rules of Civil Procedure). Defendants did not seek review of the pain and suffering issue; thus, that issue is not before us. On 6 November 1991, we allowed discretionary review of the issues discussed below.

I

[1] The Court of Appeals reversed the trial court's order of summary judgment with respect to plaintiff's claim for punitive damages. The court first addressed defendants' contention that plaintiff's claim for punitive damages was barred by the release executed by the Greers. That release was signed by Danny and Brenda Greer personally, before Brenda Greer qualified as the administratrix of Kandy Renae Greer's estate, and it operated only to discharge defendants' liability to the signers.

Prior to becoming administratrix of her daughter's estate, Brenda Greer had no authority to settle or compromise the potential wrongful death action. "The duties and powers of a personal representative commence upon his appointment." N.C.G.S. § 28A-13-1 (1984). North Carolina cases and statutes are clear that only personal representatives have authority to pursue a wrongful death action on behalf of a decedent. *See Bank v. Hackney*, 266 N.C. 17, 20, 145 S.E.2d 352, 355 (1965); *Graves v. Welborn*, 260 N.C. 688, 690, 133 S.E.2d 761, 762 (1963). "When the death of a person is caused by a wrongful act . . . of another . . . the person or corporation that would have been . . . liable . . . shall be liable to an action for damages, to be brought by the personal representative or collector of the decedent . . . ." N.C.G.S. § 28A-18-2(a) (1984). Similarly, "[u]pon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, . . . shall survive to and against the personal representative or collector of his estate." N.C.G.S. § 28A-18-1(a) (1984). Though the personal representative of the decedent has the authority to maintain and

settle actions for wrongful death, he or she must do so in accordance with the provisions of N.C.G.S. § 28A-13-3(23).

In sum, the release itself does not purport to settle anything other than the claims belonging to Danny and Brenda Greer as individuals, and Brenda Greer had no authority to settle the wrongful death claim of the fetus prior to qualifying as administratrix of her daughter's estate. Thus, the Court of Appeals was correct in holding that the release does not bar plaintiff's claim for punitive damages.

[2]   Next, the Court of Appeals considered whether this Court's decision in *DiDonato v. Wortman*, 320 N.C. 423, 358 S.E.2d 489, barred plaintiff's claim for punitive damages because it was not joined with the Greers' claims under the settlement. In *DiDonato*, the Court held that North Carolina's wrongful death statute, N.C.G.S. § 28A-18-2, permits "an action to recover for the destruction of a viable fetus *en ventre sa mere*." 320 N.C. at 430, 358 S.E.2d at 493. Such an action entitles the parents of the decedent to recover certain types of damages under the statute as long as they can be proved and are not based on sheer speculation. *Id.* The Court then held that, because of their speculative nature, damages for lost income, loss of services, companionship, advice and the like "will not be available in an action for the wrongful death of a viable fetus." *Id.* at 432, 358 S.E.2d at 494. The Court declined, however, to foreclose recovery for damages for pain and suffering as long as such damages could be reasonably established. *Id.*

With respect to punitive damages, the Court noted that a wrongful death action for a viable fetus created the possibility that a defendant could be made to pay twice to the same party for the same wrongful action. *Id.* This possibility arises because the parents of the decedent are the real parties in interest in the wrongful death action, and they, or at least the mother, frequently will have personal injury actions of their own against the tort-feasor. The Court noted that there had been essentially a single injury to the family unit and that the potential for a double recovery of punitive damages by the parents would be unjust. Therefore, the Court held that "plaintiff's claim for the wrongful death of a viable fetus must be joined with any claims based on the same acts of alleged negligence brought by the parents in their own right." *Id.* at 434, 358 S.E.2d at 495.

The trial court in this case, relying on *DiDonato*, granted summary judgment for defendants, apparently due to plaintiff's failure to join the wrongful death claim with the claims settled earlier. The Court of Appeals reversed. We hold that it did so correctly.

We note that the Greers settled their personal injury claims on 8 April 1987. The *DiDonato* decision was filed on 28 July 1987. Brenda Watson Greer qualified as administratrix of her daughter's estate on 28 July 1988. Thus, it was impossible for plaintiff to anticipate and comply with the mandatory joinder requirement announced in *DiDonato*, and we decline to apply that requirement to this case. In cases such as this, we agree with the following from the Court of Appeals opinion:

> Defendants' right not to be assessed with punitive damages that have already been paid can be protected in another, simpler way. If they allege that part of the moneys the parents received in settlement of their claims was for punitive damages[,] defendants would have a right . . . to support that contention with evidence and have the jury consider it in evaluating the Administratrix's claim for punitive damages, if that claim goes to the jury.

*Greer,* 103 N.C. App. at 468, 405 S.E.2d at 924.

II

[3] The trial court granted defendants' motion for summary judgment with respect to plaintiff's claim for recovery of pecuniary damages or damages for loss of services and companionship. For the reasons described above, the release signed by the Greers was not effective to bar this claim. The Court of Appeals correctly upheld the grant of summary judgment, however, under *DiDonato*. In *DiDonato*, we held:

> [L]ost income damages normally available under N.C.G.S. § 28A-18-2(b)(4)a. cannot be recovered in an action for the wrongful death of a stillborn child. . . .
>
> We also hold that damages normally recovered under N.C.G.S. § 28A-18-2(b)(4)b. & c.—loss of services, companionship, advice and the like—will not be available in an action for the wrongful death of a viable fetus. The reasons are the same as in the case of pecuniary loss. When a child is stillborn we simply cannot know anything about its personality and

other traits relevant to what kind of companion it might have been and what kind of services it might have provided. An award of damages covering these kinds of losses would necessarily be based on speculation rather than reason.

320 N.C. at 432, 358 S.E.2d at 494 (footnote omitted). We decline plaintiff's invitation to revisit this holding. Under *DiDonato*, the trial court properly granted summary judgment for the defendants on this issue.

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

Affirmed.