STEVE H. BAILEY, Administrator of the Estate of CODY ADAM BAILEY, and APRIL DAWN BAILEY and STEVE H. BAILEY v. KENNETH D. GITT, M.D., THOMAS J. VAUGHN, JR., M.D., MT. AIRY OB-GYN CENTER, INC., NORTHERN HOSPITAL OF SURRY COUNTY, and NORTHERN HOSPITAL DISTRICT OF SURRY COUNTY

No. COA98-1406

(Filed 21 September 1999)

## Appeal and Error— mootness—underlying negligence claim dismissed

Plaintiffs' appeal of a directed verdict in their wrongul death action was dismissed as moot where the trial court granted a directed verdict for defendants on most of plaintiffs' claims arising from the death of their stillborn child but left open the possibility of a recovery of damages for funeral expenses and nominal

damages, keeping alive the underlying issue of negligence; plaintiffs voluntarily dismissed with prejudice all claims not previously dismissed; and plaintiffs then appealed the directed verdict. Claims for particular kinds of damage cannot exist without an underlying claim of negligence or fault and plaintiffs' voluntary dismissal with prejudice renders this appeal moot. Plaintiffs abandoned their appeal from the directed verdict by failing to argue it on appeal.

Appeal by plaintiffs from judgments entered 20 May 1998 by Judge H. W. Zimmerman, Jr., in Surry County Superior Court. Heard in the Court of Appeals 25 August 1999.

*Maready Comerford & Britt, L.L.P., by W. Thompson Comerford, Jr., and Martha Marie Eastman, for plaintiff-appellants.*

*Carruthers & Roth, P.A., by Richard L. Vanore and Norman F. Klick, Jr., for defendant-appellees.*

MARTIN, Judge.

Plaintiffs brought this action alleging that the negligence of defendants proximately caused the wrongful death of their stillborn son, and sought damages for wrongful death, negligent infliction of emotional distress, and punitive damages. At the close of plaintiff's evidence, defendants moved for and were granted a directed verdict dismissing plaintiffs' claims for emotional distress, punitive damages, and all damages recoverable under the wrongful death statute except funeral expenses and nominal damages. Plaintiffs then submitted to a voluntary dismissal with prejudice as to "all claims which had not previously been dismissed by the Court pursuant to defendants' motion for directed verdict." Plaintiffs appeal the directed verdict; defendants move to dismiss the appeal on grounds that the issues raised thereby are moot.

---

To bring an action under G.S. § 28A-18-2 (the wrongful death statute), a plaintiff must allege a wrongful act, causation, and damages. Negligence is a "wrongful act" upon which a wrongful death claim may be predicated. See, e.g., *Coleman v. Rusidill*, 131 N.C. App. 530, 508 S.E.2d 297 (1998). Therefore, a defendant may be entitled to a directed verdict on a wrongful death claim if the plaintiff fails to provide adequate proof of negligence. N.C. Gen. Stat. § 1A-1, Rule

**BAILEY v. GITT**

[135 N.C. App. 119 (1999)]

50(a). In addition, claims for certain kinds of damages can be dismissed by the trial court as too speculative. *Greer v. Parsons*, 331 N.C. 368, 416 S.E.2d 174 (1992) (holding that dismissing claims for pecuniary loss and loss of companionship for a stillborn child was appropriate because "an award of damages covering these kinds of losses would necessarily be based on speculation rather than reason."). Dismissal of claims for certain types of damages by the trial court does not necessarily dismiss the underlying allegation of negligence upon which the wrongful death claim is predicated; however, a claim for negligence cannot be split into its various kinds of damages. *Smith v. Red Cross*, 245 N.C. 116, 95 S.E.2d 559 (1956). Therefore, claims for particular kinds of damage cannot exist without an underlying claim of negligence or fault.

In the present case, the trial court granted a directed verdict in favor of defendants with respect to plaintiffs' claims for loss of companionship, pain and suffering, pecuniary damages, and punitive damages, holding that these claims were too speculative because the child was stillborn. However, by leaving open the possibility of recovery of damages for funeral expenses and nominal damages, the court kept alive the underlying issue of negligence for determination by the jury. Plaintiffs then voluntarily dismissed with prejudice "all claims which had not previously been dismissed by the Court pursuant to defendants' motion for a directed verdict." These dismissed claims included plaintiffs' claim for nominal damages, damages for funeral expenses, and the underlying claim of negligence.

A voluntary dismissal with prejudice is the same as a judgment on the merits, *Miller Bldg. Corp. v. NBBJ North Carolina, Inc.*, 129 N.C. App. 97, 497 S.E.2d 433 (1998), and when there has been a judgment on the merits on an issue of negligence, any appeal concerning a directed verdict on issues predicated upon that negligence is rendered moot. *Bullard v. N.C. National Bank*, 31 N.C. App. 312, 229 S.E.2d 245 (1976) (a jury's verdict of no negligence on the part of agent doctors relieved their parent corporation of any respondeat superior liability, and rendered moot any assignment of error to the trial court's directed verdict for the parent corporation).

Therefore, plaintiffs' voluntary dismissal with prejudice of the issue of negligence, upon which all of their claims were based, renders this appeal moot, and precludes us from ruling on any of the other issues raised by the parties in regards to the wrongful death claim.

BOWEN v. N.C. DEP'T OF HEALTH AND HUMAN SERVS.

[135 N.C. App. 122 (1999)]

When pending an appeal . . ., a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court.

*Parent-Teacher Assoc. v. Bd. of Education*, 275 N.C. 675, 679, 170 S.E.2d 473, 476 (1969).

Plaintiffs have abandoned their appeal from the directed verdict dismissing their claim for negligent infliction of emotional distress by failing to argue it on appeal. N.C.R. App. P. 28(b). Accordingly, this appeal must be dismissed.

Dismissed.

Judges LEWIS and HUNTER concur.