RALEIGH LEO WILLIAMS v. KIMBERLY SMITH AND KEEFER RAYMOND LING, JR.

No. 8327SC535

(Filed 17 April 1984)

**Negligence § 10.3— police officer struck by vehicle—defendant's negligence not proximate cause of injuries**

In an action by plaintiff police officer to recover for injuries received when he was struck by a car while directing traffic at an accident scene, the evidence on motion for summary judgment established that the negligence of defendant in causing the original accident was not a proximate cause of plain-

tiff's injuries where it showed that plaintiff was struck when the driver of the car which struck him became distracted by the lights of a wrecker at the accident scene, and that the original accident had occurred some 20-45 minutes earlier.

APPEAL by plaintiff from *Lewis, Judge.* Judgment entered 19 January 1983 in Superior Court of GASTON County. Heard in the Court of Appeals 3 April 1984.

Plaintiff instituted this negligence action against defendant. The following facts appear of record: Defendant Ling was involved in an automobile accident occurring on 19 November 1980 in the City of Gastonia. Plaintiff, a Gastonia police officer, was called to the scene. As he was directing traffic around the collision, defendant Smith (not a party to this appeal) was operating her vehicle at the scene. She became distracted by the yellow lights atop the wrecker and caused her vehicle to strike plaintiff as he was directing traffic. The collision between plaintiff and Smith occurred some twenty to forty-five minutes after the first collision.

Plaintiff sues defendant Ling for injuries arising out of the automobile accident. The parties stipulated that defendant Ling's negligence was the proximate cause of the first collision. The trial judge entered summary judgment in favor of defendant Ling. Plaintiff appealed.

*Harris, Bumgardner & Carpenter by R. Dennis Lorance for plaintiff appellant.*

*Wayne Huckel and Fred B. Clayton for defendant appellee.*

HILL, Judge.

Plaintiff assigns as error the granting of summary judgment for defendant Ling contending that there is a genuine issue as to defendant Ling's negligence being a proximate cause of plaintiff's injuries. He further contends the question of intervening and concurring negligence became jury questions under the facts of this case. It is only in the exceptional negligence case that summary judgment is appropriate, because "it usually remains for the jury, under appropriate instructions from the court, to apply the standard of the reasonably prudent man to the facts of the case in order to determine where the negligence, if any, lay and what

was the proximate cause of the aggrieved party's injuries." *Robinson v. McMahan*, 11 N.C. App. 275, 280, 181 S.E. 2d 147, 150, *cert. denied*, 279 N.C. 395, 183 S.E. 2d 243 (1971). In our opinion, this case is the exceptional negligence case and we hold that summary judgment was properly granted.

Proximate cause is that cause, unbroken by any new or independent cause, which produces the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all of the facts then existing. *Kanoy v. Hinshaw*, 273 N.C. 418, 160 S.E. 2d 296 (1968); *Green v. Tile Co.*, 263 N.C. 503, 139 S.E. 2d 538 (1965). Foreseeability is thus a requisite of proximate cause, which is, in turn, a requisite for actionable negligence. *Nance v. Parks*, 266 N.C. 206, 146 S.E. 2d 24 (1966); *Osborne v. Coal Co.*, 207 N.C. 545, 177 S.E. 796 (1935).

The issue before us involves the question of proximate cause. Specifically, is there a genuine issue of fact as to defendant Ling's negligence being a proximate cause of plaintiff's injuries?

The parties stipulated that the original accident was the result of the negligence of the defendant Ling, and his negligence was its proximate cause. The second collision, which involved plaintiff and the second defendant Smith, took place some twenty to forty-five minutes later while plaintiff was directing traffic. There was no unbroken connection between the negligent act of defendant Ling and plaintiff's injury. The facts do not constitute a continuous succession of events, so linked together as to make a natural whole. Rather, Ling's negligence was too remote and not foreseeable as such to constitute a proximate cause of plaintiff's injury. Plaintiff was injured by an independent act of negligence on the part of the defendant Smith, an intervening act which was not itself a consequence of defendant Ling's original negligence, nor under the control of defendant Ling, nor foreseeable by him in the exercise of reasonable prevision. Therefore, plaintiff's injurious consequence must be deemed too remote to constitute the basis of a cause of action against Ling. See *Insurance Co. v. Stadiem*, 223 N.C. 49, 25 S.E. 2d 202 (1943).

We distinguish this case from that of *Hairston v. Alexander Tank and Equip. Co.*, 60 N.C. App. 320, 299 S.E. 2d 790 (1983),

*rev'd and remanded*, 310 N.C. 227, 311 S.E. 2d 559 (1984). In that case the seller of a new car switched wheels on the vehicle and failed to tighten the lugs on one wheel prior to delivery to the purchaser. Purchaser drove the new vehicle a short distance from the sales agency and onto highway I-85; thence down I-85 to a bridge where the wheel with the loose lugs came off. The automobile came to a stop in a lane of traffic. A van stopped behind the disabled car. The owner of the new vehicle got out of the vehicle and went between his car and the van. Defendant Alexander's truck negligently struck the van, pinned the owner of the car, killing him. Our Supreme Court adjudged that a jury could find a reasonably prudent person should have foreseen that the sales agency's negligence to tighten the lugs on the wheel of the new automobile could cause it to be disabled on the highway and struck by another vehicle, causing injury to the driver. In *Hairston* it is reasonably foreseeable that an improperly mounted wheel would become disengaged while the automobile was driven a short distance on the highway and the driver would be placed in a dangerous situation. Such foreseeability was not present in the case *sub judice*.

The decision of the trial judge in granting summary judgment in favor of defendant is

Affirmed.

Judges HEDRICK and JOHNSON concur.