BRENDA STEWART AND LONNIE L. STEWART v. JAMES ALLISON AND HAROLD BRADLEY

No. 8630SC1205

(Filed 2 June 1987)

**Negligence § 22— water falling from dump truck onto road—ice on road—damage to plaintiff driver—sufficiency of complaint to allege negligence**

Plaintiffs' complaint was sufficient to allege negligence by defendants and to withstand defendants' motion to dismiss where plaintiff alleged that defendants were negligent in allowing rainwater to collect in the bed of a dump truck, driving the truck on a highway, and allowing the water to be dumped or spilled on the highway where it soon turned to ice due to freezing tempera-

tures; plaintiff's car slid on the patch of ice and struck a tree, resulting in the total destruction of the car and great bodily injury to plaintiff; and defendants knew or should have known that the water was in the truck, that spillage would create an icy, dangerous condition, and that the dangerous condition could cause injury to any motorist.

APPEAL by plaintiffs from *Lamm, Judge.* Judgment signed on 20 August 1986 and filed 28 August 1986 in Superior Court, GRAHAM County. Heard in the Court of Appeals 7 April 1987.

*McKeever, Edwards, Davis & Hays by Zeyland G. McKinney, Jr., for plaintiff appellants.*

*Robert G. McClure, Jr.; and Roberts, Stevens & Cogburn by Glenn S. Gentry for defendant appellees.*

COZORT, Judge.

Plaintiffs brought this action alleging defendants were negligent in allowing rainwater to collect in the bed of a dump truck, driving the truck on a highway, and allowing the water to be dumped or spilled on the highway where it soon turned to ice due to freezing temperatures. The plaintiffs' auto slid on the patch of ice and struck a tree, resulting in the total destruction of the auto and great bodily injury to the driver. The trial court granted defendants' motion to dismiss for failure to state a claim upon which relief can be granted, and plaintiffs appeal. We reverse.

The sole issue on appeal is whether the complaint alleges such conduct by the defendants as to constitute negligence and withstand defendants' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6).

> In order to withstand a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), the complaint must provide sufficient notice of the events and circumstances from which the claim arises, and must make allegations sufficient to satisfy the substantive elements of at least some recognized claim.

*Fox v. Wilson,* 85 N.C. App. 292, 298, 354 S.E. 2d 737, 741 (1987).

Plaintiffs' amended complaint sets out the following allegations:

3. On December 3, 1985 the temperature outside was below freezing and the roads in Graham County, including Rural Paved Road 1127, were dry—there having been no rain or snow during the previous 24 hours.

4. The Plaintiffs are advised, informed and believe that on December 3, 1985, at some time prior to 8:55 A.M., the Defendant, Harold Bradley, was the owner of a 1985 GMC dump truck bearing North Carolina License Plate No. AA-1005 which at the times hereinafter stated was being driven by the Defendant, James Allison, who was an agent or employee of Harold Bradley and who was operating the dump truck with the full authority, consent, knowledge and permission of said owner and within the course and scope of his employment.

5. The Plaintiffs are advised, informed and believe that at some time prior to 8:55 A.M. on the morning of December 3, 1985, the Defendants left the bed to the aforesaid dump truck down during a rainstorm, allowing water to collect in the bed of the dump truck; that the Defendants knew or should have known that the dump truck bed had water in it from the rainstorm; that in the early morning hours prior to 8:55 A.M. on December 3, 1985, the Defendant, James Allison, operated the dump truck along Rural Paved Road 1127 about two miles west of the Town of Robbinsville and dumped and spilled water from the dump truck onto the paved main-traveled portion of the roadway.

6. The Plaintiffs are advised, informed and believe that when the water from the dump truck hit the pavement it soon turned to ice due to the freezing temperatures on said date.

7. On the 3rd day of December, 1985 the Plaintiff, Brenda Stewart, was operating a 1978 Oldsmobile car owned by the Plaintiff, Lonnie L. Stewart, on Rural Paved Road 1127 about two miles west of the town limits of Robbinsville, North Carolina, within the posted speed limits in a careful and prudent manner, when her car slid on the patch of ice which had formed from the water dumped and spilled from the dump truck operated by the Defendant Allison and owned by the Defendant Bradley.

Stewart v. Allison

8. After the Oldsmobile car slid on the ice, it skidded a long distance and eventually struck a tree resulting in the total destruction of the car and resulting in great bodily injury to the Plaintiff, Brenda Stewart.

\*    \*    \*    \*

12. On the occasions set out above the Defendants were negligent in that:

(1) They left the bed to the aforesaid dump truck down during a rainstorm and allowed water to collect in the bed and did not take proper precautions to dispose of the water during the freezing weather before again operating the truck on the roadway; that the Defendants knew or should have known that the dump truck had water in it at the time they pulled out onto Rural Paved Road 1127 on the morning of December 3, 1985.

(2) The Defendant Bradley's agent, James Allison, knew or reasonably should have known that the temperature outside on the morning of December 3, 1985 was below freezing and that dumping and spilling water from the dump truck onto the highway would create a dangerous icy condition which was not known to or readily discoverable by the Plaintiff, Brenda Stewart, and other people operating cars on Rural Paved Road 1127 on December 3, 1985.

(3) That the Defendant Bradley's agent, James Allison, knew or reasonably should have known that such dangerous icy condition would cause injury to the Plaintiff, Brenda Stewart, and to other people operating cars on Rural Paved Road 1127 on December 3, 1985.

13. The negligence of the Defendant, James Allison, is imputed to the Defendant, Harold Bradley pursuant to the law of agency and the doctrine of Respondeat Superior.

The law imposes on every person in an active course of conduct the positive duty to use ordinary care to protect others from harm; it is negligence to violate this duty. *Toone v. Adams*, 262 N.C. 403, 409, 137 S.E. 2d 132, 136 (1964). It is immaterial whether the person is acting on his own or in the employment or under contract with another. *Id.* The now-famous opinion in *Sutton v.*

*Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970), describes negligence as follows:

> In this jurisdiction, to warrant a finding that negligence, not amounting to a wilful or wanton wrong, was a proximate cause of an injury, it must appear that the tort-feasor should have reasonably foreseen that injurious consequences were likely to follow from his negligent conduct. . . . It is not necessary that a defendant anticipate the particular consequences which ultimately result from his negligence. It is required only "that a person of ordinary prudence could have reasonably foreseen that such a result, *or some similar injurious result*, was probable under the facts as they existed." . . . However, we have also said that a defendant is liable for the consequences of his negligence if he "might have foreseen that some injury would result from his act or omission or that *consequences of a generally injurious nature* might have been expected." [Emphasis in original.]

*Id.* at 107, 176 S.E. 2d at 168-69 (citations omitted).

Upon review of the allegations in the plaintiffs' complaint, we hold that plaintiffs have alleged actionable negligence by defendants. Defendants have a duty in their operation of the dump truck to use ordinary care to protect others from harm. If plaintiffs offer evidence that defendants knew or should have known that water had collected in the truck, that defendants took no precautions to keep that water from spilling onto an otherwise dry road during subfreezing temperatures, and that the water created a patch of ice which was the proximate cause of plaintiff's injury, then the evidence would be sufficient to support a jury finding of negligence. It is foreseeable that the dumping of water on an otherwise dry pavement in subfreezing temperatures would cause a hazardous condition for an unsuspecting motorist. Plaintiffs' allegations sufficiently allege duty of ordinary care, violation of the duty of care, foreseeability of injurious consequences, and proximate cause of injuries. The face of the amended complaint shows no insurmountable bar to recovery.

The order to dismiss the complaint is reversed and the case remanded for further proceedings.

Reversed and remanded.

Judges PHILLIPS and GREENE concur.