JERRY HAWKINS, ADMINISTRATOR OF THE ESTATE OF BOBBY DALE HAWKINS, PLAINTIFF v. HERBERT HOUSER AND WIFE, SUE HOUSER, T/A TRIPLE H MOBILE HOME PARK, DEFENDANTS

PEGGY PLESS, ADMINISTRATOR OF THE ESTATE OF RODNEY PLESS, PLAINTIFF v. HERBERT HOUSER AND WIFE, SUE HOUSER, T/A TRIPLE H MOBILE HOME PARK, DEFENDANTS

HERBERT HOUSER AND WIFE, SUE HOUSER, T/A TRIPLE H MOBILE HOME PARK, THIRD PARTY PLAINTIFFS v. JERRY HAWKINS, ADMINISTRATOR OF THE ESTATE OF BOBBY DALE HAWKINS, THIRD PARTY DEFENDANT

No. 8727SC594

(Filed 6 September 1988)

**1. Negligence § 59.3— drowning in pond—12-year-old victim and rescuer—no contributory negligence as matter of law**

In a wrongful death action where the evidence tended to show that decedents drowned in a pond on defendants' property, decedents were not con-

tributorily negligent as a matter of law, since one decedent was only 12 years old, and the other was undertaking to save the 12 year old's life under circumstances which did not appear to be rash.

**2. Negligence § 51.1— maintenance of unfenced, unposted pond on rural property—no negligence**

Defendants' maintaining of an unfenced, unposted pond on their rural land was not by itself negligence where drowning victims were capable of appreciating the danger of ice on the pond giving way; one decedent was a trespasser on the pond; defendants did nothing to conceal or enhance the danger; and the attractive nuisance doctrine did not apply because the trespassing decedent was not a child of tender years but an intelligent 12 year old capable of recognizing the danger in riding a bicycle over an ice-covered body of water.

**3. Negligence § 51.1— drowning in pond—improper directions given to rescue personnel—sufficiency of evidence of negligence**

In a wrongful death action where the evidence tended to show that decedents drowned in a pond on defendants' property, evidence that defendants, in making a call to rescue personnel, suggested that the rescuers travel to the pond by a time-wasting barricaded road when an unimpeded road was available was evidence that defendants did not use ordinary care, and summary judgment was therefore improper.

**4. Negligence § 22— negligence in misdirecting rescuers—sufficiency of complaint**

Even though plaintiffs did not allege in their complaint that defendants were negligent in misdirecting a rescue crew, such deficiency was not automatically fatal to plaintiffs' claims, since the alleged negligence arose out of drownings in defendants' pond; the complaint notified defendants of these occurrences; and an amendment to allege the misdirection, though made more than two years after the deaths, would relate back to the filing of the complaint.

APPEAL by plaintiffs from *Saunders, Judge.* Orders entered 24 March 1987 in Superior Court, LINCOLN County. Heard in the Court of Appeals 3 December 1987.

*Joseph B. Roberts, III and Geoffrey A. Planer for plaintiff appellants.*

*Jonas, Jonas & Rhyne, by Richard E. Jonas, for defendant appellees.*

PHILLIPS, Judge.

These two wrongful death actions were dismissed by an order of summary judgment following a hearing at which the

court considered affidavits, depositions, and other materials which indicate the following: In January, 1985 on defendants' 220-acre tract of Lincoln County farm and woodland were situated their dwelling house, a mobile home park containing 25 trailer sites in one area and 30 in another, and about a quarter of a mile from the park an unenclosed, unposted farm pond about 150 feet wide, which residents of the trailer park often visited and fished in. On 28 January 1985 the pond was frozen over and some boys from the trailer park skated on the ice. On 29 January 1985 decedents Pless and Hawkins, both residents of the trailer park, drowned in the pond after Pless, age 12, even though warned by Hawkins not to do so and warned earlier by defendants not to go into the pond, rode his bicycle onto the ice and fell through near the center of the pond and Hawkins, age 26, also on a bicycle, tried to rescue him. Though both fell into the icy water and neither could swim they were able to stay afloat for about 40 minutes by holding onto Hawkins' bicycle which did not sink, as Pless's did. Their calls for help were heard by other park residents, who had defendants telephone the rescue squad in Lincolnton. Two or more unimproved dirt roads on defendants' property led to the pond, one of which leading off from State Road #1280 had been blocked by defendants with felled trees to reduce vehicular traffic near the pond. In telephoning the rescue squad, defendant Sue Houser, with her husband's concurrence, told the crew to use the road off State Road #1280 in getting to the pond. But the rescue crew was unable to get to the pond on that road though they tried to get around the felled tree for about 15 minutes, and when they got to the pond by another unblocked route the victims had just expired.

Plaintiffs' information concerning the misdirected rescue attempt was obtained during discovery after the action was filed and in their complaints they alleged only that defendants were negligent in maintaining the pond, in failing to enclose it, in failing to put warnings around it, and that it was an attractive nuisance to neighborhood children. The defendants denied any negligence and alleged that the decedents were contributorily negligent.

Since our jurisprudence favors the trial of cases on their merits when there are any merits to litigate, it is proper to dismiss an action by summary judgment under the provisions of

Rule 56(a), N.C. Rules of Civil Procedure, only when it clearly appears from the materials considered by the trial judge that no genuine issue of material fact exists between the parties with respect to the controversy being litigated. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972). The controversy in litigation here is whether defendants were negligent in causing the drownings of the decedents and whether the decedents were contributorily negligent in causing their own deaths. With respect to these issues the materials considered by the court lead to and require the following conclusions as a matter of law:

[1]  *First,* the order cannot be upheld on the ground that decedents were contributorily negligent as a matter of law, and defendants do not argue otherwise. Because the materials show that an issue of fact does exist as to the decedents' contributory negligence, since decedent Pless was only 12 years old, *Anderson v. Butler*, 284 N.C. 723, 202 S.E. 2d 585 (1974), and the decedent Hawkins was undertaking to save his life under circumstances that do not appear to be rash, even in retrospect. *Alford v. Washington*, 244 N.C. 132, 92 S.E. 2d 788 (1956).

[2]  *Second,* the materials do show, however, that no genuine issue of fact exists as to the alleged negligence of the defendants in maintaining the unenclosed, unposted pond on their property. Sifted down the evidentiary forecasts on this issue indicate only that defendants maintained the pond in the farm and rural setting described and our law is that maintaining an unfenced, unposted body of water upon one's rural land by itself is not negligence. *Matheny v. Stonecutter Mills Corp.*, 249 N.C. 575, 107 S.E. 2d 143 (1959). According to the materials the victims were capable of appreciating the danger of the ice giving way, the decedent Pless was on the pond as a trespasser, defendants did nothing to either conceal or enhance the danger, and the attractive nuisance doctrine does not apply because the decedent Pless was not a child of tender years but an intelligent 12 year old capable of recognizing the danger in riding a bicycle over an ice-covered body of water. *Dean v. Wilson Construction Co.*, 251 N.C. 581, 111 S.E. 2d 827 (1960). Thus, the claims that defendants were negligent in maintaining the pond were properly dismissed, and to that extent the orders are affirmed; but the dismissals of the actions are not affirmed for the reasons stated below.

[3, 4]   *Third,* the materials show that an issue of fact does exist as to defendants' negligence in misdirecting the rescue squad to where the victims were in imminent peril of drowning or dying by hypothermia in the icy water. Defendants, though volunteers in telephoning for aid, had the positive duty to use ordinary care in performing that task, *Stewart v. Allison,* 86 N.C. App. 68, 356 S.E. 2d 109 (1987), the known and obvious purpose of which, under the circumstances, was to inform the rescue squad where the endangered persons were and an expeditious way to get there. Evidence that in making the call defendants suggested that the rescuers travel to the pond by a time-wasting barricaded road when an unimpeded road was available is evidence that defendants did not use ordinary care. Defendants' only argument on this point is not that the evidentiary forecast does not raise the question of fact, but that negligence by misdirecting the crew was not alleged in the complaint. This deficiency is not automatically fatal to plaintiffs' actions, as it would have been under our former procedure, because under our modern notice pleading system amendments to the pleadings are liberally permitted when the evidence and circumstances warrant, even at trial, Rule 15(b), N.C. Rules of Civil Procedure; *Roberts v. William N. and Kate B. Reynolds Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721 (1972), and the circumstances in this case appear to warrant such an amendment. In *Hardison v. Williams,* 21 N.C. App. 670, 205 S.E. 2d 551 (1974), a summary judgment dismissing the action was reversed because the record indicated an issue of fact existed as to an act of negligence that had not been alleged in the complaint and that grounds existed for allowing an amendment to allege that act. Substantially the same situation exists here. Since the trial is yet to be scheduled and the information as to the unalleged act of negligence was apparently elicited from defendants after the complaint was filed defendants should have no difficulty in preparing to defend this issue. Though the deaths occurred more than two years ago the amendment, if allowed, would not be a "new action" barred by the statute of limitations, as defendants contend. Since the negligence that would be alleged arose out of the drownings in their pond and the complaint notified defendants of these occurrences the amendment would relate back to the filing of the complaint. Rule 15(c), N.C. Rules of Civil Procedure; *Estrada v. Jaques,* 70 N.C. App. 627, 321 S.E. 2d 240 (1984). As stated in

*Estrada,* "[t]o hold otherwise would negate the very policies embodied in Rule 15." *Ibid.* at 636, 321 S.E. 2d at 246.

Thus, we reverse the orders dismissing the actions and remand the matters to the Superior Court for a determination as to whether plaintiffs may amend their complaints to allege that defendants were negligent in misdirecting the rescue squad to the pond in which the decedents were marooned.

Affirmed in part; reversed in part; and remanded.

Judges WELLS and PARKER concur.