LUBY RAY JACKSON AND WIFE, SANDRA JACKSON, PLAINTIFFS v. HOWELL'S MOTOR FREIGHT, INC., DEFENDANT v. MICHAEL ANTHONY GIBBS, THIRD PARTY DEFENDANT

No. COA96-908

(Filed 17 June 1997)

1. Municipal Corporations § 412 (NCI4th); Workers' Compensation § 80 (NCI4th)— negligence by municipality—workers' compensation subrogation—governmental immunity inapplicable

The doctrine of governmental immunity is inapplicable where a defendant alleges a municipality's negligence under N.C.G.S. § 97-10.2(e) in order to reduce damages in the amount that the municipality would otherwise be entitled to receive from defendant by way of subrogation for workers' compensation paid to plaintiff.

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 88, 94, 95; Workers' Compensation § 453.

JACKSON v. HOWELL'S MOTOR FREIGHT, INC.

[126 N.C. App. 476 (1997)]

**Comment Note—Municipal immunity from liability for torts. 60 ALR2d 1198.**

**2. Negligence § 21 (NCI4th)— negligent motorist—insulating negligence by policeman**

The negligence of the third-party defendant who fell asleep while driving, struck a utility pole, and caused it to fall into the street was not a proximate cause of injuries received by plaintiff fireman when defendant's truck, following directions by one of the police officers who took control of the accident scene, struck a low-hanging wire attached to the downed pole and caused the pole to injure plaintiff's foot; the negligent act of the third-party defendant was insulated by the negligent acts of the police officer.

**Am Jur 2d, Negligence §§ 591 et seq.**

Appeal by defendant from orders entered 21 February 1996 and 5 March 1996 by Judge Quentin T. Sumner in Sampson County Superior Court. Heard in the Court of Appeals 20 March 1997.

*Maupin Taylor Ellis & Adams, P.A., by Thomas W.H. Alexander and Kurt L. Dixon, for defendant-appellant Howell's Motor Freight, Inc.*

*Robert C. Cogswell, Jr. for appellee City of Fayetteville.*

*Walker, Barwick, Clark & Allen, L.L.P., by Jerry A. Allen, Jr., for defendant-appellee Michael Anthony Gibbs.*

WYNN, Judge.

On 2 March 1994, third-party defendant Michael Anthony Gibbs fell asleep at the wheel of his vehicle and ran off the road colliding with a utility pole. The impact of the collision cracked the pole and caused it to fall into the street leaving the wire attached to the damaged pole hanging over the street where it connected with an undamaged pole on the other side.

When Fayetteville police and firemen, including plaintiff policeman Luby Ray Jackson, arrived, Officer Chris Davis began directing traffic through the accident scene. Officer Davis waved a few waiting cars underneath the wire and a truck owned by defendant Howell's followed the cars. Following Officer Davis' direction, the truck

passed under the wire catching it on the trailer portion of the truck and dragging the pole that had been knocked down in the accident into Fireman Jackson's leg causing serious injury.

Fireman Jackson and his wife, Sandra, brought this tort action against Howell's which in turn answered denying liability. In addition, Howell's raised two defenses pertinent to this appeal: First, it alleged in a third-party complaint that Gibbs' negligence proximately caused plaintiff's injuries, and that its negligence, if any, was passive and secondary to Gibbs' negligence which was active and primary thereby entitling Howell's to indemnification from Gibbs. Second, Howell's alleged that if it were negligent, then plaintiff's employer, the City of Fayetteville (City), was also negligent through the actions of its agents—specifically that Officer Davis negligently directed defendant's truck to pass under the hanging wire and fireman Charles Williams spoke to defendant's driver but negligently failed to inform him that there was a wire hanging over the street. Therefore, Howell's alleged, under N.C. Gen. Stat. § 97-10.2(e) (1996), entitlement to a reduction in damages in the amount that the City would otherwise be entitled to receive from Howell's by way of subrogation for workers' compensation payments paid to Jackson.

In response to the second defense, the City moved to strike Howell's defense on the grounds of governmental immunity and the trial court granted its motion. Likewise, third-party defendant Gibbs moved for summary judgment on the grounds that he was not the proximate cause of plaintiff's injuries and the trial court also granted his motion. Defendant appeals from the trial court's orders granting both motions.

We address two issues on appeal: (I) Whether the trial court erred by granting the City's motion to strike on the grounds of governmental immunity, and (II) Whether the trial court erred by granting third-party defendant Gibbs' motion for summary judgment because there are genuine issues of material fact as to whether Gibbs' negligence was a proximate cause of plaintiff's injury. We reverse the granting of the City's motion to strike, but affirm the granting of Gibbs' motion for summary judgment.

As an initial matter, we note that while both of the orders from which defendant appeals are interlocutory, see Veazey v. Durham, 231 N.C. 357, 57 S.E.2d 377 (1950), they are immediately appealable. In both instances, the order is the final judgment as to that particular party and the trial court certified that there is no just reason for delay

**JACKSON v. HOWELL'S MOTOR FREIGHT, INC.**

[126 N.C. App. 476 (1997)]

thereby subjecting it to appellate review under N.C. Gen. Stat. § 1A-1, Rule 54 (1996).

I.

[1] Howell's first contends that the trial court improperly granted the City's motion to strike the seventh defense of its answer on the grounds of governmental immunity. It argues that by alleging the City's negligence under N.C.G.S. § 97-10.2(e), it has not sued the City directly and therefore governmental immunity is inapplicable. We agree.

"The provisions of N.C.G.S. § 97-10.2(e) govern in all actions by a plaintiff employee against a third party . . . . In essence then, § 97-10.2(e) delineates the rights between parties jointly liable—the employer under workers' compensation law and the third party under traditional tort law—for a tort." *Geiger v. Guilford College Community Volunteer Firemen's Association, Inc.*, 668 F. Supp. 492, 496 (M.D.N.C. 1987). N.C.G.S. § 97-10.2(e) provides:

> If the third party defending such proceeding, by answer duly served on the employer, sufficiently alleges that actionable negligence of the employer joined and concurred with the negligence of the third party in producing the injury or death, then an issue shall be submitted to the jury in such case as to whether actionable negligence of employer joined and concurred with the negligence of the third party in producing the injury or death. . . . If the verdict shall be that actionable negligence of the employer did join and concur with that of the third party in producing the injury or death, then the court shall reduce the damages awarded by the jury against the third party by the amount which the employer would otherwise be entitled to receive therefrom by way of subrogation hereunder . . . .

Thus, this statutory provision does not provide for a direct action against the negligent employer nor does it allow for the recovery of direct damages from the employer. Rather, it provides a negligent defendant with recourse against an also negligent employer by allowing it to: (1) allege that the employer's negligence concurred in producing plaintiff's injury and, (2) seek a reduction in damages as provided in the statute. Correspondingly, the statute provides that, "[t]he employer shall have the right to appear, to be represented, to introduce evidence, to cross-examine adverse witnesses, and to argue to the jury as to this issue as fully as though he were a party

although not named or joined as a party to the proceeding." N.C.G.S. § 97-10.2(e).

The City contends that this corresponding provision allows it to raise the defense of governmental immunity in response to Howell's allegations of negligence. "Under the doctrine of governmental immunity, a municipality and its officers or employees sued in their official capacities are *immune from suit* for torts committed while the officers or employees are performing a governmental function." *Morrison-Tiffin v. Hampton*, 117 N.C. App. 494, 504, 451 S.E.2d 650, 657, *disc. review denied and appeal dismissed*, 339 N.C. 739, 454 S.E.2d 654 (1995) (emphasis added). However, in this case, the City has not been sued; rather, defendant has alleged the City's concurring negligence under N.C.G.S. § 97-10.2(e) in order to reduce the award of damages against it in the event that defendant is found to be liable.

Moreover, we note that:

> The legislature's enactment of § 97-10.2(e) evidences a strong public policy in North Carolina of prohibiting a negligent employer from recouping any workers' compensation benefits paid to an injured employee. It is not the purpose of the Workers' Compensation Act to exculpate or absolve employers from the consequences of their negligent conduct.

668 F. Supp. at 497. Allowing a municipal employer to insulate itself from a determination of its concurring negligence under N.C.G.S. § 97-10.2(e) by raising the defense of governmental immunity even though it has not been sued directly would contravene this policy.

Therefore, we conclude that the doctrine of governmental immunity is inapplicable where a defendant alleges a municipality's negligence under N.C.G.S. § 97-10.2(e). Accordingly, we hold that the trial court erred in granting the City's motion to strike and reverse on this issue.

## II.

**[2]** Howell's next contends that the trial court erred by granting summary judgment in third-party defendant Gibbs' favor because there is a genuine issue of material fact as to whether Gibbs' negligence was the proximate cause of plaintiff's injuries. We disagree.

Our Supreme Court has defined proximate cause as follows:

> Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, pro-

duced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed.

*Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 233, 311 S.E.2d 559, 565 (1984).

In the subject case, in determining whether Gibbs' original act of negligence was a proximate cause of plaintiff's injuries, the crucial question is whether the subsequent acts of police officers and firefighters as they took control of the accident scene were acts of insulating negligence such that they cut off Gibbs' liability as a matter of law.

Regarding the doctrine of insulating negligence, our Supreme Court in *Hairston* stated: "An efficient intervening cause is a new proximate cause which breaks the connection with the original cause and becomes itself solely responsible for the result in question. It must be an independent force, entirely superseding the original action and rendering its effect in the causation remote." *Hairston,* 310 N.C. at 236, 311 S.E.2d at 566 (quoting *Harton v. Telephone Co.*, 141 N.C. 455, 462-63, 54 S.E. 299, 301-02 (1906)). Moreover, "[t]he test by which the negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another, is reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury." *Hairston,* 310 N.C. at 237, 311 S.E.2d at 566 (quoting *Riddle v. Artis*, 243 N.C. 668, 671, 91 S.E.2d 894, 896-97 (1956)).

Defendant contends that *Hairston* controls the resolution of the insulating negligence issue in the subject case. In *Hairston*, defendant car dealer (Haygood) switched the wheels on a new car purchased by plaintiff and negligently failed to tighten the lugs on one wheel. A short distance away from the dealership, the left rear wheel came off and plaintiff brought the car to a stop on a bridge in the far right lane of travel. A van stopped behind plaintiff's vehicle to assist and a car driven by defendant Alexander's employee collided with the rear of the van propelling it into plaintiff, who was opening his trunk, and killing him. The trial court granted judgment notwithstanding verdict for defendant car dealer and this Court affirmed that decision finding that the car dealer's negligence was "not the proximate cause of the death of plaintiff's intestate, and such negligent acts of

Haygood are insulated by the subsequent negligent acts of Alexander." *Id.* at 232, 311 S.E.2d at 564. Our Supreme Court reversed holding that "the jury could reasonably infer . . . that while the subsequent negligence of defendant Alexander Tank joined with Haygood's original negligence in proximately causing the death of Hairston, it did not supersede the negligent acts of Haygood and thereby relieve Haygood of liability." *Id.* at 233, 311 S.E.2d at 565.

In response to Howell's contentions, third-party defendant Gibbs argues that *Williams v. Smith*, 68 N.C. App. 71, 314 S.E.2d 279, *cert. denied*, 311 N.C. 769, 321 S.E.2d 158 (1984), controls the outcome of the subject case. In *Williams*, defendant Ling's negligence proximately caused an automobile accident. Approximately twenty to forty-five minutes later, defendant Smith struck plaintiff police officer as he was directing traffic around the accident scene. The trial court granted summary judgment in defendant Ling's favor. We affirmed the trial court and distinguished *Hairston, supra*, on the issue of foreseeability, holding:

> There was no unbroken connection between the negligent act of defendant Ling and plaintiff's injury. The facts do not constitute a continuous succession of events, so linked together as to make a natural whole. Rather Ling's negligence was too remote and not foreseeable as such to constitute a proximate cause of plaintiff's injury. Plaintiff was injured by an independent act of negligence on the part of the defendant Smith, an intervening act which was not itself a consequence of defendant Ling's original negligence, nor under the control of defendant Ling, nor foreseeable by him in the exercise of reasonable prevision.

*Williams*, 68 N.C. App. at 73, 314 S.E.2d at 280.

As in *Williams*, we find that the facts in *Hairston* are distinguishable from the facts of the present case. Significantly, in the subject case, police officers and other officials had taken control of the accident scene. These officials placed traffic cones and positioned emergency vehicles in the road, made decisions regarding the flow of traffic and assumed the responsibility for directing traffic through the accident scene. Therefore, as in *Williams*, we find that "[t]he facts do not constitute a continuous succession of events, so linked together as to make a natural whole" and any subsequent act of negligence by either the City or Howell's was "an intervening act which was not itself a consequence of [defendant Gibbs'] original negligence, nor under the control of [defendant Gibbs], nor foreseeable by him in the

exercise of reasonable prevision." *Id.* at 73, 314 S.E.2d at 280. Accordingly, we affirm the trial court's decision to grant summary judgment in Gibbs' favor.

For the foregoing reasons, the trial court's order granting the City's motion to strike is reversed, and its order granting summary judgment for Gibbs is affirmed.

Reversed in part, affirmed in part.

Judges LEWIS and MARTIN, Mark D. concur.