PHYLLIS V. COLEMAN AND ROY L. COLEMAN, Co-Administrators of the Estates of James Robert Coleman and Laura Lee Coleman, deceased and PHYLLIS V. COLEMAN AND ROY L. COLEMAN, individually, Plaintiffs v. JONAS D. RUDISILL, JR., LARRY C. RUDISILL, KENNETH D. RUDISILL, and HENRY P. RUDISILL, Defendants

No. COA98-213

(Filed 1 December 1998)

**Negligence— attractive nuisance—intervening negligence**

The trial court correctly granted summary judgment for defendants on an attractive nuisance claim where a forty-two-year-old man in the company of five children ignored signs prohibiting trespassing, helped place a boat in the water, and boarded a four-person paddle boat with six passengers having no life preservers. Under these circumstances, the children were not harmed by a hidden artificial condition not apparent to them because of their youth but by the intervening negligent act of the adult.

Appeal by plaintiffs from order entered 8 December 1997 by Judge Loto G. Caviness in Gaston County Superior Court. Heard in the Court of Appeals 21 October 1998.

*The Roberts Law Firm, P.A., by Scott W. Roberts and Joseph B. Roberts, III, for plaintiff-appellants.*

*Stott Hollowell Palmer & Windham, L.L.P., by Martha R. Thompson, for defendant-appellant Henry P. Rudisill.*

*Burton & Sue, L.L.P., by Walter K. Burton and James D. Secor, III, for defendant-appellants Larry C. Rudisill, Kenneth D. Rudisill, and Jonas D. Rudisill.*

COLEMAN v. RUDISILL

[131 N.C. App. 530 (1998)]

MARTIN, John C., Judge.

Plaintiffs brought this action alleging that the wrongful deaths of their minor children, ages five and eight, had been caused by negligence on the part of defendants in maintaining an attractive nuisance. Defendants answered, denying negligence and asserting that the childrens' death had been caused by the negligence of Randy Lee Cook.

Defendants moved for summary judgment. The materials before the trial court disclosed that on 13 May 1995, five children, including decedents, went to a pond on defendants' property to swim. They were accompanied by Randy Lee Cook, a forty-two year old neighbor and family friend. Cook was a deaf mute, but could communicate with the children. Defendants kept a paddle boat at the pond. The boat was not seaworthy and had mechanical problems with the paddles and the steering mechanism, of which defendants were aware. Although the boat had been chained to a tree at an earlier time, it had been left on the bank unsecured for some time before 13 May 1995.

After swimming, the children attempted to push the boat into the pond, but were unable to move it. They asked Cook to help them push the boat to the water, and he did so. Cook and the five children climbed into the boat; none were wearing life preservers. Once in the middle of the lake, the paddle boat began to take on water and capsized. Three of the children and Cook were drowned.

The trial court granted defendants' motion for summary judgment. Plaintiffs appeal.

---

Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c); *Toole v. State Farm Mut. Auto. Ins. Co.*, 127 N.C. App. 291, 294, 488 S.E.2d 833, 835 (1997). All of the evidence is viewed in the light most favorable to the non-moving party. *Garner v. Rentenbach Constructors, Inc.*, 129 N.C. App. 624, 501 S.E.2d 83 (1998). "Where there is no genuine issue as to the facts, the presence of important or difficult questions of law is no barrier to the granting of summary judgment." *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971). It is the moving party's burden to establish the lack of a triable issue of fact. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 329 S.E.2d 350 (1985). Once the moving party has met its burden, the nonmoving

party must "produce a forecast of evidence demonstrating that the [nonmoving party] will be able to make out at least a prima facie case at trial." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).

Defendants argue that summary judgment was proper because the doctrine of attractive nuisance does not apply to "obvious conditions" like the lake and paddle boat, but even if plaintiffs could establish the existence of an attractive nuisance, defendants contend any negligence on their part was insulated by the negligence of Randy Cook. Because we agree that the negligence of Randy Cook was an intervening independent proximate cause of the deaths of decedents, cutting off any liability which may have resulted from any negligence on defendants' part, we need not consider whether the doctrine of attractive nuisance applies to the facts of this case.

In order for plaintiffs to recover from defendants, they must prove that defendants' negligence in maintaining an attractive nuisance was a proximate cause of the deaths of decedents. If the subsequent acts of Randy Cook intervened to cause the deaths, any negligence on the part of defendants would not be a proximate cause thereof and defendants would not be liable.

> An efficient intervening cause is a new proximate cause which breaks the connection with the original cause and becomes itself solely responsible for the result in question. It must be an independent force, entirely superseding the original action and rendering its effect in the causation remote.

*Hairston v. Alexander Tank and Equipment Co.*, 310 N.C. 227, 236, 311 S.E.2d 559, 566 (1984) (quoting *Harton v. Telephone Co.*, 141 N.C. 455, 462-63, 54 S.E. 299, 301-02 (1906)); *Jackson v. Howell's Motor Freight, Inc.*, 126 N.C. App. 477, 485 S.E.2d 895, *disc. review denied*, 347 N.C. 267, 493 S.E.2d 456 (1997). Moreover, "[t]he test by which the negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another, is reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury." *Hairston* at 237, 311 S.E.2d at 567 (quoting *Riddle v. Artis*, 243 N.C. 668, 671, 91 S.E.2d 894, 896-97 (1956)). An independent negligent act will insulate a defendant's liability where "[t]he facts do not constitute a continuous succession of events, so linked together as to make a natural whole," and the "intervening act . . . was not itself a consequence of defendant['s] . . . original negligence, nor under the control of defendant . . ., nor foreseeable by him in the

exercise of reasonable prevision." *Williams v. Smith,* 68 N.C. App. 71, 73, 314 S.E.2d 279, 280, *cert. denied,* 311 N.C. 769, 321 S.E.2d 158 (1984).

Ordinarily, the question of whether a separate negligent act intervened and superseded the defendant's negligence is a question of fact for the jury. *Hairston, supra; Davis v. Jessup,* 257 N.C. 215, 125 S.E.2d 440 (1962); *Williams v. Smith, supra.* However, there are cases where summary judgment is appropriate on the issue of insulating negligence. *Williams v. Smith, supra.* This case is one of those rare cases.

At the heart of land owner liability under the doctrine of attractive nuisance is the duty to protect children of tender years who "because of their youth do not discover the condition or realize the risk." *Broadway v. Blythe Industries, Inc.,* 313 N.C. 150, 154, 326 S.E.2d 266, 269 (1985); *Griffin v. Woodard,* 126 N.C. App. 649, 651-52, 486 S.E.2d 240, 242 (1997). "[T]he attractive nuisance doctrine is designed to protect 'small children' or 'children of tender age.' " *Dean v. Wilson Construction Co.,* 251 N.C. 581, 588, 111 S.E.2d 827, 832 (1960); *Griffin v. Woodard,* 126 N.C. App. 649, 486 S.E.2d 240 (1997); *Hawkins v. Houser,* 91 N.C. App. 266, 371 S.E.2d 297 (1988); *Lanier v. Highway Comm.,* 31 N.C. App. 304, 229 S.E.2d 321 (1976). When children are harmed by the intervening negligent acts of an adult, the harm is not proximately caused by the existence of risks not apparent to them due to their tender years, rather, the children are harmed by the negligent acts of the adult. The intervening adult negligence is not a consequence of the negligent maintenance of a nuisance attractive to children; the scope of the duty created by the doctrine of attractive nuisance is limited by age. The risks created by the intervening negligent act of the adult do not form a "continuous succession of events" with the risks of an attractive nuisance to children of tender years. The land owners are no longer responsible for the risks associated with the attractive nuisance because the children were harmed by the intervening negligence of another adult, not "because of their youth."

In this case, the undisputed facts show that the forty-two year old Cook in the company of the five children ignored signs prohibiting trespassing, helped place the boat in the water, and boarded a four-person paddle boat with six passengers having no life preservers. Under these circumstances the children were not harmed by a hidden artificial condition not apparent to them "because of their

youth"; rather, as a matter of law, they were harmed by the intervening negligent act of the adult, Cook.

The trial court's entry of summary judgment for defendants is affirmed.

Affirmed.

Judges TIMMONS-GOODSON and HORTON concur.