**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1893

NIRAV INGREDIENTS, INC.; ASH INGREDIENTS, INC.,

    Plaintiffs - Appellants,

  v.

WELLS FARGO BANK, N.A.,

    Defendant - Appellee,

  and

JOHN DOES,

    Defendant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cv-00366-FDW)

Submitted:  July 22, 2022          Decided:  August 12, 2022

Before THACKER, RUSHING, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**:  David G. Redding, Ty K. McTier, TLG LAW, Charlotte, North Carolina, for Appellants.  Victor L. Hayslip, Birmingham, Alabama, Mignon Arrington Lunsford,

BURR & FORMAN LLP, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nirav Ingredients, Inc. ("Nirav"), appeals the district court's order granting in part Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss and its order granting Wells Fargo's motion for summary judgment.[1]  We affirm the district court's orders.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party."  *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  In other words, "a plaintiff must provide sufficient detail to show that [it] has a more-than-conceivable chance of success on the merits."  *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (cleaned up), *vacated on other grounds*, 140 S. Ct. 2736 (2020).

Because this case was brought under the district court's diversity jurisdiction, we must apply North Carolina law as it was determined, or as we predict it would be determined, by the highest court of North Carolina.  *Young v. Equinor USA Onshore Props., Inc.*, 982 F.3d 201, 206 (4th Cir. 2020).  "[W]here the state's highest court has

---

[1] Although a second party, Ash Ingredients, Inc. ("Ash"), is also listed as an appellant, it does not seek to challenge the dismissal of its claims against the John Doe(s) defendant(s), and its corporate representative clarified in his deposition that Ash has no claims against Wells Fargo in this litigation.

3

spoken neither directly nor indirectly on the particular issue before us," decisions from the state's intermediate appellate courts "constitute the next best indicia of what state law is, although such decisions may be disregarded if the federal court is convinced by other persuasive data that the highest court of the state would decide otherwise." *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 964 (4th Cir. 2020) (cleaned up).

"[S]tate laws that conflict with federal law are without effect." *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008) (internal quotation marks omitted). We have determined that Subpart B of Regulation J of the Federal Reserve Board, which incorporates Article 4A of the Uniform Commercial Code ("UCC") and governs wire transfers, preempts state law.[2] *Donmar Enters., Inc. v. S. Nat'l Bank of N.C.*, 64 F.3d 944, 949 (4th Cir. 1995). This is because the Federal Reserve sought "a uniform and comprehensive national regulation of Fedwire transfers." *Id.* Thus, if a bank complied with the regulation, "any liability founded on state law of negligence or wrongful payment would necessarily be in conflict with the federal regulations and is pre-empted." *Id.*

Applying this standard, we have reiterated that a plaintiff's claim that a bank credited a wire to the correct account number but the wrong named beneficiary is preempted by Regulation J. *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 223 (4th Cir. 2002). That is the situation here—Ash correctly identified the K.P. account number

---

[2] North Carolina has also adopted Article 4A. *See* N.C. Gen. Stat. §§ 25-4A-102, 25-4A-207(d) (2021).

4

in its wire transfer but listed Nirav, not the Hacker, as the beneficiary. Accordingly, the district court correctly rejected any state law claim based on the wires.[3]

Turning to Nirav's UCC claim, Article 4A contains detailed provisions on the obligations and rights surrounding wire transfers. Article 4A identifies three parties to a wire transfer—the beneficiary, the originator, and the bank. N.C. Gen. Stat. § 25-4A-104(a) (2021). The UCC defines the beneficiary as "the person to be paid by the beneficiary's bank." N.C. Gen. Stat. § 25-4A-103(a)(2) (2021).

While Nirav argues that it is an intended beneficiary because Ash intended to pay it and not the Hacker, this argument is foreclosed by the UCC. In the situation presented here, where the account number and name on the wire transfer identify different persons, "if the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary of the order." N.C. Gen. Stat. § 25-4A-207(b)(1) (2021). And as explained in the commentary:

> The processing of the order by the beneficiary's bank and the crediting of the beneficiary's account are done by use of the identifying or bank account number without human reading of the payment order itself. The process is comparable to that used in automated payment of checks. The standard format, however, may also allow the inclusion of the name of the beneficiary and other information which can be useful to the beneficiary's bank and the beneficiary but which plays no part in the process of payment. . . . Subsection(b) allows banks to utilize automated processing by allowing banks to act on the basis of the number without regard to the name if the bank does not know that the name and number refer to different persons.

---

[3] We discern no error in the district court applying these principles to find both the negligence and unfair trade practice claims preempted.

N.C. Gen. Stat. § 25-4A-207, cmt. 2 (2021). Moreover, the UCC states that if a mismatch occurs between the account number and the beneficiary, it is the originator—Ash, not Nirav—that has the right to recover against the bank. N.C. Gen. Stat. § 25-4A-207(d) (2021). Thus, the district court correctly concluded that Nirav could not bring a UCC claim against Wells Fargo. Accordingly, we affirm the district court's order granting in part Wells Fargo's motion to dismiss.

We review the district court's summary judgment ruling de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). "Summary judgment is warranted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019) (internal quotation marks omitted). In conducting this inquiry, courts may not "weigh conflicting evidence or make credibility determinations." *Id.* But "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Nirav's negligence claim, after applying the preemption principles, was limited to Wells Fargo's opening and maintenance of the K.P. account. "Under North Carolina law,

6

negligence is the failure to exercise proper care in the performance of a legal duty owed by a defendant to a plaintiff under the circumstances." *Eisenberg*, 301 F.3d at 224 (cleaned up). While the district court offered several reasons for why summary judgment was appropriate, we need only affirm on one basis—no reasonable jury could find that Wells Fargo's maintenance or lack of oversight of K.P.'s account proximately caused Nirav's injuries.

In order to succeed on a negligence claim, a plaintiff must show that the defendant's "breach of duty was a proximate cause of the injury." *Curlee ex rel. Becerra v. Johnson*, 856 S.E.2d 478, 481 (N.C. 2021). "Proximate cause is a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed." *F.D.I.C. ex rel. Co-op. Bank v. Rippy*, 799 F.3d 301, 316 (4th Cir. 2015) (internal quotation marks omitted). However, "[a]n independent negligent act will insulate a defendant's liability where the facts do not constitute a continuous succession of events, so linked together as to make a natural whole, and the intervening act was not itself a consequence of defendant's original negligence, nor under the control of defendant, nor foreseeable by him in the exercise of reasonable prevision." *Coleman v. Rudisill*, 508 S.E.2d 297, 300 (N.C. Ct. App. 1998) (cleaned up). In other words, the intervening cause "must be an independent force, entirely superseding the original action and rendering its effect in the causation remote." *Id.* at 299.

The Hacker was an intervening cause and absolved Wells Fargo of any liability for any mishandling of K.P.'s account. For the Hacker's scheme to succeed, they had to

7

successfully infiltrate Nirav's computer system, send a phishing email to Ash, compromise or gain access to K.P.'s account, and have Ash follow the Hacker's instructions and forward the funds into the account. Thus, it was the Hacker's actions that constituted the true, proximate cause of Nirav's injuries. Accepting Nirav's position would make banks insurers for their account holders' Internet security measures and for peoples' mistakes in falling for phishing scams.

Therefore, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*